IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESMOND UNDRA LAWRENCE, #1131087,<br>　　　　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:11-CV-2157-P (BK) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons that follow, it is recommended that this action be dismissed for want of prosecution.

**I.  BACKGROUND**

On August 25, 2011, Petitioner, a Texas state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2002 capital murder conviction for which he is presently serving a life sentence. (Doc. 2 at 2.) On August 30, 2011, the Court ordered Petitioner (1) to pay the required filing fee or submit a request to proceed *in forma pauperis*, and (2) to file a response explaining why his petition was not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. (Doc. 4, 5.) The Court did not receive a response from Petitioner. Thus, on October 5, 2011, relying on his *pro se* status and the fact that his petition may be time barred, the Court *sua sponte* granted Petitioner an extension until October 26, 2011, to comply with the deficiency order and the order

to respond regarding the one-year limitations period. (Doc. 6.) As of the date of this recommendation, Petitioner has failed to respond to both orders or seek an extension of time to do so.

## II. DISCUSSION

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

When a litigant may be barred by the statute of limitations from re-asserting his/her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (where limitations "prevents or arguably may prevent" further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry*, 975 F.2d at 1191.

Here, Petitioner has a clear record of purposeful delay. This case has been pending for

over two months, and this is Petitioner's second implied refusal to comply with the Court's deficiency order and the order to respond regarding the one-year limitations period. Petitioner has ignored this lawsuit and this Court's orders. Since Petitioner is proceeding *pro se*, the delay caused by his implied refusal to comply with Court's orders is attributable to him alone. *See Berry*, 975 F.2d at 1191. Moreover, in light of his implied failure to respond to this Court's orders, no lesser sanction will prompt diligent prosecution of this case. Accordingly, the District Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Petitioner's habeas action. *See Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (*per curiam*) (district court did not abuse its discretion in dismissing habeas corpus petition with prejudice, given federal inmate's record of contumacious conduct); *Curtis v. Quarterman*, 2009 WL 2351620, *1-2 (5th Cir. Jul. 31, 2009) (unpublished *per curiam*) (applying higher standard of review to habeas petition dismissed for want of prosecution).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** for want of prosecution.

SIGNED November 4, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE